**Willie JEFFERSON, Appellant**

v.

**DEPARTMENT OF JUSTICE, OFFICE OF THE INSPECTOR GENERAL, Appellee.**

**No. 04–5226.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 26, 2005.

Willie Jefferson, Inez, KY, pro se.

R. Craig Lawrence, Michael Joseph Ryan, Assistant U.S. Attorneys, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: EDWARDS, HENDERSON, and RANDOLPH, Circuit Judges.

## *JUDGMENT*

PER CURIAM

This cause was considered on the record from the United States District Court for the District of Columbia, briefed by *pro se* appellant, and briefed and argued by *amicus curiae* for appellant and by counsel for the Government. It is

**ORDERED** and **ADJUDGED** that with respect to appellant's principal claims, the decision and judgment of the District Court are affirmed substantially for the reasons given by the court. *See Jefferson v. U.S. Dep't of Justice*, CA No. 01–1418, Mem. Op. (Mar. 31, 2003), *reprinted in* App. of *Amicus Curiae* 29; *Jefferson v. U.S. Dep't of Justice*, CA No. 01–1418, Mem. Op. (Nov. 14, 2003), *reprinted in* App. of *Amicus Curiae* 101. Appellant filed a request under the Freedom of In-

formation Act ("FOIA"), 5 U.S.C. § 552, seeking any and all records maintained by the Office of the Inspector General ("OIG") pertaining to a Department of Justice ("DOJ") attorney, Bonnie L. Gay. The District Court granted summary judgment to DOJ with respect to the responsive files found in OIG's investigative records database. The trial court found that DOJ's disclosure of certain documents from this database would amount to an unwarranted invasion of Ms. Gay's personal privacy. We affirm this judgment.

■■■■ We affirm the District Court's holding that the responsive documents in the investigative database are "records or information compiled for law enforcement purposes" within the meaning of FOIA Exemption 7, 5 U.S.C. § 552(b)(7). And we find no error in the District Court's holding that DOJ properly withheld the responsive documents in their entirety, on the grounds that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy" pursuant to FOIA Exemption 7(C), 5 U.S.C. § 552(b)(7)(C). *Jefferson v. U.S. Dep't of Justice*, CA No. 01–1418, Mem. Op. at 8–11 (Nov. 14, 2003), *reprinted in* App. of *Amicus Curiae* 108–11. We also affirm the District Court's judgment that DOJ's refusal either to confirm or deny whether OIG's investigative database holds any other documents responsive to appellant's FOIA request was reasonable. As the District Court noted, such confirmation would constitute an unwarranted invasion of personal privacy. *See id.* at 11–13, *reprinted in* App. of *Amicus Curiae* 111–13.

■■■ The District Court's holding on the adequacy of OIG's search for responsive records is reversed. Appellant argued in both the District Court and on appeal that DOJ's search was inadequate because it failed to search for any responsive records in OIG's audit and inspection database.

During oral argument, counsel for the Government acknowledged that OIG maintains a separate database for its audit and inspection functions, *i.e.*, separate and apart from the investigative database. Counsel further acknowledged that there are situations when OIG compiles records in the audit and inspection database relating to DOJ employees, like Ms. Gay, who have had personnel disputes with DOJ. Counsel thus essentially acknowledged what appellant and the record suggest— OIG's audit and inspection database might have files pertaining to Ms. Gay.

The Government has offered no plausible justification for limiting its search for responsive records to its investigative database. OIG's failure to search for records pertaining to Ms. Gay in its audit and inspection database was therefore unreasonable under the circumstances. While "[t]here is no requirement that an agency search every record system[,] ... the agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C.Cir.1990). Accordingly, the District Court's finding that "OIG's search properly was limited to its investigative records system," *Jefferson v. U.S. Dep't of Justice*, CA No. 01–1418, Mem. Op. at 12 (Mar. 31, 2003), *reprinted in* App. of *Amicus Curiae* 40, is reversed and the case is remanded for further proceedings. On remand, the agency must be required to search its audit and inspection database for information pertaining to Ms. Gay. It is of course possible that should the Government find any files pertaining to Ms. Gay in this database, it will be able to assert that they are exempt from disclosure under FOIA. DOJ, however, is required to undertake an adequate search prior to asserting any exemptions.

The court thanks *amicus curiae* Amy Howe of Goldstein & Howe, P.C. for her assistance in this matter.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41.